UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| AMY JACKSON-BOLINGER, PAMELA JOHNSON, and MELISSA NORTH, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>AMERICORE HEALTH, LLC,<br><br>PINEVILLE COMMUNITY HOSPITAL ASSOCIATION, INC.,<br><br>CHARLES BISHOP,<br><br>ALBEY BROCK,<br><br>MATTHEW BROCK,<br><br>HD CANNINGTON,<br><br>JOHN COMBS,<br><br>MANSFIELD DIXON,<br><br>DAVID GAMBREL,<br><br>TALMADGE HAYES,<br><br>ESTATE OF JOHN GARFIELD HOWARD,<br><br>JOHNNY JONES,<br><br>GREG NUNNELLEY,<br><br>JAY STEELE,<br><br>JERRY WOOLUM, M.D., and<br><br>The PINEVILLE COMMUNITY HOSPITAL ADMINISTRATIVE SERVICES AGREEMENT HEALTH CARE PLAN.<br><br>Defendants. | No. 3:19-CV-450-JHM<br><br>**CLASS ACTION COMPLAINT** |

# COMPLAINT

1. Plaintiffs Amy Jackson-Bolinger, Pamela Johnson, and Melissa North (Plaintiffs), individually and as the representatives of a class of participants and beneficiaries in the Pineville Community Hospital Administrative Services Agreement Health Care Plan, bring this lawsuit against Defendants Charles Bishop, Albey Brock, Matthew Brock, HD Cannington, John Combs, Mansfield Dixon, David Gambrel, Talmadge Hayes, Estate of John Garfield Howard, Johnny Jones Greg Nunnelley, Jay Steele, and Jerry Woolum, M.D. (collectively Fiduciary Defendants), Pineville Community Hospital Association, Inc. (Pineville Community Hospital), Americore Health, LLC (Americore Health), and the Pineville Community Hospital Administrative Services Agreement Health Care Plan for breach of fiduciary duties under the Employee Retirement Income Security Act of 1974 (ERISA).

2. This is a class action brought pursuant to F.R.C.P. 23 by participants in an ERISA health insurance plan offered by Pineville Community Hospital, against Pineville Community Hospital and Americore Health, as sponsors of that plan and against the plan's administrators. Under ERISA 29 U.S.C. § 1104, the plan administrators owe strict fiduciary duties to the plan's participants. Pineville Community Hospital, Americore Health, and its plan's administrators breached those fiduciary duties in numerous ways, to the detriment of Plaintiffs and the Class.

3. ERISA imposes the strictest and highest fiduciary duties of skill, care and loyalty on those entrusted with funds for ERISA plans. These fiduciary duties require ERISA plan administrators to act solely in the interest of the plan participants.

4. According to the terms of the administrative services agreement that Pineville Community Hospital signed with Anthem, Pineville Community Hospital "acknowledged that it or its designee(s) serves as the 'plan sponsor, 'plan administrator' and 'named fiduciary as those terms are defined in ERISA."

5. Based on information and belief, Defendants Charles Bishop, Albey Brock, John Combs, Mansfield Dixon, David Gambrel, Talmadge Hayes, Estate of John Garfield Howard, Johnny Jones, Jay Steele, and Dr. Jerry Woolum were the board of directors for Pineville Community Hospital. Defendant Greg Nunnelley was the human resource manager for Pineville Community Hospital and signed the Administrative Services Agreement with Anthem on behalf of Pineville Community Hospital in July 2013. Defendants Matthew Brock and HD Cannington were the Chief Financial Officers for Pineville Community Hospital during the relevant time period. These defendants jointly and severally acted on behalf of the participants to manage and maintain the ERISA health plan. They controlled withholding money from participants' payroll to fund the ERISA health plan as well as how the withheld money was used.

6. The Defendants, however, breached these fiduciary duties by choosing not to fund the health plan with money withheld from the participants' payroll for specifically that purpose despite at least 25 notifications from Anthem over a period of at least 11 months. The choice by the Defendants to continue withholding funds from participants' paychecks without paying the amounts owed to Anthem was a breach of the most fundamental of the Defendants' fiduciary duties owed to the plan participants.

7. As a direct result of this breach, the Plaintiff Participants lost their health care coverage costing Plaintiffs and the Class millions of dollars in health care bills.

8. As a result of the substantial damages they suffered, Plaintiffs, individually and as the representatives of a class of participants and beneficiaries of the Plan, bring this action in order to recover these damages from Defendants.

9. Plaintiffs bring this suit as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class consisting of:

>All natural persons who were participants and/or beneficiaries of the Pineville Community Hospital Administrative Services Agreement Health Care Plan in 2017 and/or 2018.

10. The proposed class is sufficiently numerous, as hundreds of members of the class had portions of their salaries withheld by the Defendants to provide for health care which the Defendants allowed to lapse through nonpayment of premiums. The Class Members are so numerous that joinder of all members is impracticable. The Class is composed of hundreds of members and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class Members can be identified by, *inter alia*, records maintained by the Defendants.

11. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class Members are:

    A. Whether Defendants were informed by Anthem that they owed money for paid claims, administrative fees and stop loss premiums;

    B. Whether Defendants were informed that failure to pay this amount of money would result in loss of health care coverage;

    C. Whether Defendants continued to withhold wages and/or salary from employees that was supposed to be used to pay Anthem for paid claims, administrative fees and stop loss premiums;

    D. Whether Defendants failed to use the withheld wages and/or salary from employees for such payments;

    E. Whether Defendants misrepresented to employees that they were still maintaining their Anthem health coverage.

## JURISDICTION AND VENUE

12. This action arises under Title I of ERISA as amended, 29 U.S.C. §§ 1001, *et seq.*, and is brought by Plan Participants and/or Beneficiaries Plaintiffs Amy Jackson-Bolinger, Pamela Johnson, and Melissa North under ERISA §§ 502(a)(2), 29 U.S.C. §1132(a), to recover benefits due to them under the terms of the Plan, to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, prejudgment interest, and to obtain an award of attorneys fees.

13. This Court has exclusive jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

14. This Court has supplemental jurisdiction over all non-federal claims in this action that form part of the same case or controversy as those within the Court's original jurisdiction.

15. The Anthem health plan provided by Pineville Community Hospital Association, Inc. in 2017 (Plan) in an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

16. Pineville Community Hospital and / or Americore Health established the Plan prior to 2017 to provide health care benefits to its employees.

17. This District is the proper venue for this action under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b), because it is the district in which the Plan is administered, where at least one of the alleged breaches took place, and where at least one Defendant resides.

18. The Plan is named as a Defendant pursuant to Rule 19(a)(1)(A) of the *Federal Rules of Civil Procedure* solely to assure that complete relief can be granted.

## PARTIES

19. Plaintiff Amy Jackson-Bolinger, at all time relevant herein, was a resident of Pineville, Bell County, Kentucky, an employee of Pineville Community Hospital and/or Americore Health, and a participant in the Pineville Community Hospital Administrative Services Agreement Health Care Plan as she was or could become eligible to receive benefits of the Plan.

20. Plaintiff Pamela Johnson, at all time relevant herein, was a resident of Middlesboro, Bell County, Kentucky, an employee of Pineville Community Hospital and/or Americore Health, and a participant in the Pineville Community Hospital Administrative Services Agreement Health Care Plan as she was or could become eligible to receive benefits of the Plan.

21. Plaintiff Melissa North, at all time relevant herein, was a resident of Harrogate, Claiborne County, Tennessee, an employee of Pineville Community Hospital and/or Americore Health, and a participant in the Pineville Community Hospital Administrative Services Agreement Health Care Plan as she was or could become eligible to receive benefits of the Plan.

22. Defendants Charles Bishop, Albey Brock, John Combs, Mansfield Dixon, David Gambrel, Talmadge Hayes, Estate of Garfield Howard, Johnny Jones, Jay Steele, and Dr. Jerry Woolum were the board of directors for Pineville Community Hospital for all relevant periods.

23. Defendant Greg Nunnelley was the human resource manager for Pineville Community Hospital and signed the Administrative Services Agreement with Anthem on behalf of Pineville Community Hospital in July 2013.

24. The Chief Financial Officers for Pineville Community Hospital during the relevant time period were Defendants Matthew Brock and HD Cannington.

25.     At all relevant times, Fiduciary Defendants exercised control over assets of the Plan, were fiduciaries of the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A) and parties in interest within the meaning of ERISA §§3(14)(A) and (H), 29 U.S.C. §§1002(14)(A) and (H).

26.     Pineville Community Hospital Association was incorporated as a Kentucky corporation on September 24, 1953.

27.     Pineville Community Hospital sponsored the Plan, was its Plan Administrator within the meaning of ERISA §3(21)(A)(iii), 29 U.S.C. §1002(21)(A)(iii), was a Plan fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and was a party in interest to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

28.     Americore Health, LLC ("Americore Health") was organized as a Delaware Limited Liability Company on February 13, 2017. Americore Health applied to the Kentucky Secretary of State for authority to transact business transactions in Kentucky on March 29, 2017.

29.     Americore Health sponsored the Plan, was its Plan Administrator within the meaning of ERISA §3(21)(A)(iii), 29 U.S.C. §1002(21)(A)(iii), was a Plan fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and was a party in interest to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

## FIRST CLAIM FOR RELIEF

### Breach of Fiduciary Duty

30.     Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

31.     The Plan was a health care plan.

32. At all relevant times, Pineville Community Hospital and/or Americore Health contracted with Anthem Blue Cross and Blue Shield to provide healthcare benefits to its employees through an Administrative Services Agreement.

33. At all relevant times, Pineville Community Hospital and/or Americore Health withheld employee contributions from its employees' paychecks for contribution to the Plan. These contributions were retained in a bank account controlled by Pineville Community Hospital and/or Americore Health until they were remitted to the Plan or Anthem Blue Cross and Blue Shield.

34. During the period from March 2, 2017 through April 12, 2018, Pineville Community Hospital and/or Americore Health withheld employee contributions from its employees' pay and failed to remit the amounts so withheld to the Plan or Anthem Blue Cross and Blue Shield.

35. During the period from March 2, 2017 through April 12, 2018, the Fiduciary Defendants caused Pineville Community Hospital and/or Americore Health to retain employee contributions from its employees' pay and failed to ensure that the withheld contributions were remitted to the Plan or Anthem Blue Cross and Blue Shield.

36. After nonpayment of 25 invoices between March 2, 2017 and April 12, 2018, Anthem Blue Cross and Blue Shield cancelled the health care Administrative Services Agreement effective June 1, 2017.

37. By the conduct described above, the Fiduciary Defendants:

    A. Failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

   B. Caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

   C. Dealt with assets of the Plan in their own interest in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1); and

   D. Acted on behalf of a party whose interests are adverse to the interests of the Plan or in the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

## SECOND CLAIM FOR RELIEF

### Fraud

 38. Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

 39. During the period from March 2, 2017 through April 12, 2018, the Defendants knowingly made false representations or omissions of material fact to Plaintiffs and Class Members that health care contributions from employees were being used to fund the Plan and/or pay Anthem Blue Cross Blue Shield.

 40. These representations or omissions of material fact were false by the Defendants.

 41. The Defendants intended for Plaintiffs and Class Members to rely on these false representations or omissions of material fact and continue to make such contributions.

 42. Plaintiffs and Class Members did in fact rely on these representations or omissions to their detriment by continuing to make contributions to a Plan that was not being funded or paid for.

43. Plaintiffs and Class Members were injured as a result of the Defendants' fraudulent representations or omissions, and are entitled to compensatory damages, exemplary and /or punitive damages, to the extent allowable at law, costs and attorney's fees, as well as any other damages or relief allowable at law.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs and Class Members demand judgment against Defendants, jointly and severally, as follows:

a) An award to each Plaintiff of the maximum allowable damages under such statute(s) or laws, including but not limited to compensatory and punitive damages;

b) An award of prejudgment interest in the maximum amount allowable by law;

c) An award to Plaintiffs of their costs and expenses in this litigation and reasonable attorney fees and expert fees and expenses; and,

d) An award to Plaintiffs of such other and further relief as may be just and proper under the circumstances.

Dated: June 20, 2019

Respectfully Submitted,

*/s/ Ronald E. Johnson, Jr.*
Ronald E. Johnson, Jr. (KY 88302)
Sarah N. Emery (KY 94261)
Hendy Johnson Vaughn Emery, PSC
909 Wright's Summit Parkway #210
Ft. Wright, Kentucky 41011
Tel. 859.578.4444
Facsimile 859.578.4440
rjohnson@justicestartshere.com
semery@justicestartshere.com