UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| AMY JACKSON-BOLINGER, PAMELA JOHNSON, and MELISSA NORTH, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>AMERICORE HEALTH, LLC, et al.,<br><br>DEFENDANTS. | CIVIL ACTION NO. 6:19-CV-152-REW<br><br>*Electronically Filed* |

**REPORT OF PARTIES' PLANNING MEETING**

The following is the Parties' Report of the Federal Rule of Civil Procedure 26(f) Planning Meeting:

1. Pursuant to Federal Rule of Civil Procedure 26(f), a telephone conference was held on October 24, 2019 and was attended by (1) Ronald E. Johnson, Jr., counsel for Plaintiffs, (2) Chadwick A. McTighe, counsel for Defendants Charles Bishop, Albey Brock, Matthew Brock, HD Cannington, John Combs, Mansfield Dixon, David Gambrel, Talmadge Hayes, Estate of John Garfield Howard, Johnny Jones, Greg Nunnelley, Jay Steele, Jerry Woolum, M.D., and The Pineville Community Hospital Administrative Services Agreement Health Care Plan (collectively, the "Pineville Defendants"), and (3) Jared Cox and Aaron Marcus, counsel for Defendants Americore Health, LLC, Americore Health Enterprises, LLC, and Americore Health Management, LLC (collectively, the "Americore Defendants"). The parties have agreed to the following deadlines for discovery and pretrial compliance.

2. **Initial Disclosures.** The parties will serve the initial disclosures required by Rule 26(a)(1) by **November 14, 2019**.

3. **Discovery Plan.** The parties propose to the Court the following discovery plan:

(a) Discovery will be needed on the allegations, claims, and defenses contained in the parties' pleadings.

(b) Fact discovery will begin after the scheduling order is entered by the Court, and will conclude by **January 29, 2021.**

(c) The parties agree that electronically stored information likely exists that is subject to discovery. The parties will identify and preserve electronically stored information in their native formats. The parties will produce electronically stored information in PDF or TIFF format, unless production in native format is required to enable all information in the document to be viewed (e.g., if an Excel spreadsheet includes cells containing calculations that would not appear in a PDF or other non-native format). Any party may request the production of an electronic file produced in PDF or TIFF format to be produced in native format, and the producing party shall do so unless it is impracticable or such production otherwise would be inappropriate for any reason (e.g., reviewing the file in native format would require the use of a proprietary software). The parties agree to cooperate to attempt to resolve any disputes over native productions in good faith prior to seeking relief from the Court.

(d) Inadvertent Production Protocol. The parties agree that, consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the production of any document or electronically stored information that contains attorney-client privileged material and/or material which is subject to the work product doctrine shall not constitute a waiver of the attorney-client privilege or the protections of the work product doctrine if the production was made due to oversight or error of counsel or the parties. If a party discovers, whether by analysis of produced information or by notice from the opposing party, that it has received documents or electronically stored

information that contain materials subject to the attorney-client privilege or the work product doctrine, that party shall isolate the privileged or protected information, notify the producing party of the disclosure, and, at the option of the disclosing party, return or destroy the privileged or protected information and all copies thereof.

Any party claiming privilege over any material shall provide a privilege log that identifies the materials being withheld or clawed back in a manner consistent with the requirements of Federal Rule of Civil Procedure 26(b)(5). If there is a dispute as to whether any material in question is subject to any claim of privilege, the party opposing the designation of privilege shall return or destroy the material in question to the producing party and notify the producing party of its objection(s) to the claim of privilege. If the parties cannot reach an agreement on whether the material is or is not privileged within fourteen (14) business days (the "Confer Period"), then the producing party who is claiming privilege shall, within ten (10) days of the expiration of the Confer Period, file a Motion with the Court attaching the challenged material for *in camera* review, and stating its position as to why the challenged material is privileged. The Motion shall be briefed in accordance with the Federal Rules of Civil Procedure and/or any applicable Local Rule. The challenged material shall be considered privileged unless the Court rules that the challenged material is not subject to any privilege.

(e) The parties do not agree to the limitations on the maximum number of interrogatories set forth in Federal Rule of Civil Procedure 33(a). For purposes of this section 3(e), Plaintiffs shall be treated as one party, the Pineville Defendants shall be treated as one party, and the Americore Defendants shall be treated as one party. Plaintiffs may serve up to up to 25 interrogatories to each Defendant, the Pineville Defendants may serve up to 25 interrogatories on each Plaintiff and each Americore Defendant, and the Americore Defendants

may serve up to 25 interrogatories on each Plaintiff and each Pineville Defendant. Any party may seek consent of the affected party or parties or leave of Court to propound interrogatories in excess of the limitations set forth herein for good cause.

Given the number of parties, the parties do not agree to the limitations on the maximum number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2). Instead, each party (as defined above) may take the deposition of any named Plaintiff, Defendant, or any other party joined in the action, and up to **ten additional depositions** without obtaining leave from the Court. Any party may seek consent of the other parties or leave of Court to take additional depositions in excess of the limitations set forth herein for good cause. Pursuant to Federal Rule of Civil Procedure 30(d), each deposition is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

(f) Disclosure of affirmative experts and reports under Rule 26(a)(2) shall be due by **February 12, 2021**. Disclosure of rebuttal experts and reports under Rule 26(a)(2) shall be due by **March 29, 2021**. Any expert depositions or other expert discovery shall be completed by **April 30 2021**.

4. **Other items.**

(a) The parties do not request an in-person meeting with the Court before the scheduling order is entered.

(b) A final pretrial conference is requested in **July or August 2021**.

(c) The final date to amend pleadings or to join parties is **October 1, 2020**.

(d) Any motion for class certification shall be filed no later than **October 1, 2020**. Response and reply deadlines shall be governed by LR 7.1.

    (e)  Dispositive motions and *Daubert* motions shall be filed no later than **May 7, 2021**.  Response and reply deadlines shall be governed by LR 7.1.

    (f)  Motions *In Limine* and objections to witnesses and exhibits shall be filed no later than **30 days** before trial.

    (g)  Responses to motions *in limine* shall be filed no later than **15 days** before trial.

    (h)  The parties believe they should be able to evaluate the case for settlement purposes prior to trial and are amenable to mediation.

    (i)  A final witness list shall be filed by the parties no later than **45 days** before trial.

    (j)  A list of exhibits shall be filed by the parties no later than **45 days** before trial.

    (k)  Page and line designations of deposition testimony for trial shall be filed no later than **45 days** before trial.  Counter-designations shall be filed no later than **30 days** before trial.

    (l)  This case should be ready for trial by **August 2021** and is expected to last two to three weeks.

    (m)  The parties do not consent to refer this matter to the Magistrate Judge for trial and post-trial proceedings.

Report submitted by:

*/s/ Ronald E. Johnson, Jr. (w/permission)*
Ronald E. Johnson, Jr.
Sarah N. Emery
Hendy Johnson Vaughn Emery, PSC
909 Wright's Summit Parkway #210
Ft. Wright, Kentucky 41011
Tel. 859.578.4444
Facsimile 859.578.4440
rjohnson@justicestartshere.com
semery@justicestartshere.com

*Counsel for Plaintiffs*

*/s/ Chadwick A. McTighe*
Chadwick A. McTighe
Marjorie A. Farris
Carolyn Purcell Michener
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
Email: cmctighe@stites.com
　　　　mfarris@stites.com
　　　　cmichener@stites.com

*Counsel for Defendants Charles Bishop, Albey Brock, Matthew Brock, HD Cannington, John Combs, Mansfield Dixon, David Gambrel, Talmadge Hayes, Estate of John Garfield Howard, Johnny Jones, Greg Nunnelley, Jay Steele, Jerry Woolum, M.D., and The Pineville Community Hospital Administrative Services Agreement Health Care Plan*

*/s/ Jared A. Cox (w/permission)*
Jared A. Cox
Aaron W. Marcus
Amanda L. Dohn
Bingham Greenebaum Doll LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
T 502.589.4200
JCox@bgdlegal.com
Amarcus@bgdlegal.com
Adohn@bgdlegal.com

*Counsel for Defendants Americore Health, LLC, Americore Health Enterprises, LLC, and Americore Health Management, LLC*

6

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed on this 4th day of November, 2019, through the Court's ECF system, which will send an electronic notice to all counsel of record.

                                    */s/ Chadwick A. McTighe*

1341346:2:LOUISVILLE