UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| AMY JACKSON-BOLINGER, et al., | ) | |
| Plaintiffs, | ) ) | No. 6:19-CV-152-REW |
| v. | ) ) | |
| AMERICORE HEALTH, LLC, et al., | ) | ORDER |
| Defendants. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court ordered the parties to show cause for their failure to comply with DE 45 and to remedy the deficit. DE 74. Only Plaintiffs responded, noting that the remaining Defendants "have been inactive and unrepresented by counsel." DE 75 at 1. They further requested the Court to dismiss the action pursuant to Federal Rule of Civil Procedure 41 (a)(2), "with prejudice to their right to re-file their claims." DE 76 at 1. The Court accepts the explanation and **DISCHARGES** DE 74. Moreover, pursuant to Rule 41 (a)(2)[1], the Court **GRANTS** DE 76 on the terms requested. The Court **DIRECTS** the clerk to **STRIKE** this matter from the Court's active docket, as dismissed **with prejudice**.

This the 25th day of January, 2021.



Signed By:
Robert E. Wier
United States District Judge

---

[1] "A plaintiff who moves to dismiss its action via court order . . . is subject to the discretion of the district court. . . . The district court may deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it 'deems necessary.'" *Wellfount, Corporation v. Hennis Care Centre of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020) (citing and quoting *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953–54 (6th Cir. 2009)).